No. 3928

**Second Circuit**

———

## LEE v. SOUTHERN SURETY CO.

———

(February 26, 1931. Opinion and Decree.)

———

See, also, 123 So. 502, 14 La. App. 393, 127 So. 36.

J. F. Phillips and J. G. Gibbs, of Shreveport, attorneys for plaintiff, appellant.

Jackson & Smith, of Shreveport, attorneys for defendant, appellee.

McGREGOR, J. This is an action for compensation under the Employers' Liability Act (Act No. 20 of 1914 and subsequent amendments). The plaintiff alleged that on October 30, 1926, he was working in the employment of F. and M. Schwartz in Caddo parish as a common laborer for $27.50 per week, that, while he was engaged in the regular course of his employment, he attempted to jump from a heavily loaded wagon, and that in so doing he fell beneath the wagon, and two wheels rolled over both legs, with the result that his right leg was broken between the knee and ankle and his left leg was slightly bruised.

The employers left the state before suit was filed, and this suit was therefore brought against the defendant for the reason that the employers carried employers' liability insurance with it.

When the case was first tried in the lower court, an exception of no cause or right of action was sustained, and the plaintiff's suit was accordingly dismissed. This exception was based on the theory that an employee has no right of action against the employer's insurer. On appeal to this court, the judgment of the lower court was reversed, and the case was remanded to be tried in accordance with law.

On trial, judgment was rendered in favor of the plaintiff for compensation at the rate of $17.06 per week for a period of 87½ weeks, subject to a credit of $647.06 already paid. The judgment appears to be based on the fact that the lower court held that all appreciable injuries caused by the accident were in one leg only, and that under the evidence there was no total loss of the use of any member.

The compensation allowable herein is

governed by Act No. 85 of 1926, sec. 8, subsec. 1, clause (d), par. 15, providing that:

"In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such member as. the disability to such member bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable under this act for the loss of such member."

The plaintiff contends that he is totally disabled, and that this condition is permanent, and that therefore he should receive compensation for the full period of 400 weeks. He has therefore appealed to this court, and asks that we increase the judgment to 400 weeks, or to at least 300 weeks.

The evidence in the lower court is very conflicting, and it would serve no useful purpose to analyze and discuss the same here. Some of the doctors testifying are positive that the plaintiff is cured and that he is suffering from nothing more than a mere annoyance, while Dr. Caldwell, one of the plaintiff's witnesses, is sure that the plaintiff is suffering from some real disability in his foot and ankle. The injury received was between the knee and ankle. If the leg had been amputated at that point, the plaintiff would have been entitled to compensation for 125 weeks only. All plaintiff's trouble at the time of the trial appeared to be confined to his right foot and ankle. He complained somewhat of a tendon in his left foot, but none of the doctors appears to have taken that seriously. Regardless of his condition, he cannot claim compensation for total disability, as his injury is thus confined to his foot and ankle. The trial judge saw the plaintiff in person, and had a better opportunity to determine the extent of his injury and disability than we have. In his effort to reconcile the conflicting testimony of the witnesses, he awarded judgment to the plaintiff for compensation for a period of 87½ weeks. As we hold that the maximum award that could be made is 125 weeks, we find that the number of weeks allowed is ample, and is a fair proportion between the extent of the loss of the use of the foot suffered by plaintiff and its total loss.

For the reasons assigned, the judgment appealed from is affirmed, the cost of the appeal to be paid by appellant.